## MARTIN v. CUMMER MFG. CO. OF TEXAS.
### (No. 669–4184.)

(Commission of Appeals of Texas, Section A.
May 27, 1925.)

**1. Appeal and error ⬌837(4)—Court of review must look at case as it was when ruling was made, in determining whether court erred in sustaining exception to plea.**

In determining whether court's ruling, before introduction of evidence, sustaining special exception to plea of failure of consideration for notes sued on, was error, court of review must look at case as it was when ruling was made.

**2. Pleading ⬌228—Facts alleged in plea of failure of consideration for notes sued on taken as true in determining sufficiency of pleadings.**

Facts alleged in verified plea of failure of consideration for notes sued on must be taken as true in determining sufficiency of pleadings.

**3. Bills and notes ⬌489(1) — Facts alleged held sufficient to raise issue of failure of consideration for notes sued on.**

Allegations of false representations, relied on in purchasing stock for which notes sued on were given, as to joint-stock company's assets, liabilities, solvency, and prospective dividends, *held* sufficient to raise issue of failure of consideration for notes.

**4. Bills and notes ⬌489(1)—Exclusion of evidence of failure of consideration for notes sued on held error.**

Under Rev. St. art. 589, maker of notes sued on by assignee was entitled to plead failure of consideration, and court erred in sustaining special exception to such plea and refusing to permit defendant to introduce evidence thereon.

**5. Bills and notes ⬌537(3)—Estoppel to plead failure of consideration for notes sued on held for jury.**

Estoppel to plead failure of consideration for notes sued on, by facts alleged in supplemental petition, *held* fact question for jury.

**6. Appeal and error ⬌1170(3)—Court rule cannot be invoked to deprive defendant of plain statutory right to plead and prove defense.**

Court of Civil Appeals rule 62a cannot be invoked to deprive defendant of plain statutory right to plead and prove defense, such as failure of consideration for notes sued on, under Rev. St. art. 589.

**7. Appeal and error ⬌843(3)—Directed verdict for plaintiff not discussed where there will be controverted issues of fact on retrial.**

Where there will necessarily be controverted issues of fact on another trial granted to defendant, trial court's action in instructing verdict for plaintiff need not be discussed.

Error to Court of Civil Appeals of Fifth Supreme Judicial District.

Action by the Cummer Manufacturing Company of Texas against H. G. Martin. Judgment for plaintiff affirmed by Court of Civil Appeals (259 S. W. 240), and defendant brings error. Reversed and remanded.

W. N. Coombes, C. F. Greenwood, and Jno. T. Gano, all of Dallas, for plaintiff in error.

Bird & Bird, of Dallas, for defendant in error.

CHAPMAN, J. Plaintiff, Cummer Manufacturing Company of Texas, a corporation, brought this suit in one of the district courts of Dallas county against H. G. Martin, on the two notes herein described, and alleged that defendant, Martin, on February 13, 1919, executed and delivered to the Lone Star Silo Association of Dallas county, Tex., a joint-stock company, his two certain promissory notes for the sum of $2,500 each, due 12 and 18 months after date, and that the Lone Star Silo Association, on March 11, 1919, acting through its president, F. M. Shanklin, for valuable consideration, transferred the two notes to plaintiff.

Among other defenses, defendant, Martin, under oath, pleaded failure of consideration for the execution of the notes sued on for the reason that he subscribed for $5,000 worth of shares of stock in the Lone Star Silo Association and executed said notes in payment therefor; that at and before the time he subscribed for said stock F. M. Shanklin and other trustees of the association represented that it had more than $50,000 worth of assets, and outstanding indebtedness of less than $10,000, and was a growing solvent concern; that it was engaged in the business of constructing silos and making money in that business; that the dividends were and would be large; that, relying upon said representations, defendant subscribed for said stock and executed and delivered said notes, and would not have subscribed for said stock, and would not have executed and delivered said notes, but for his reliance thereon; that there was no other consideration for the execution and delivery of said notes than the subscription for said stock; that, at the time of subscribing for said stock and executing and delivering the notes, the Lone Star Silo Association was wholly insolvent, which fact was withheld from defendant and was unknown to him; that the representations that the Silo Association had more than $50,000 in assets and an outstanding indebtedness of less than $10,000, and that same was a going concern, were false and untrue, and were known by the trustees of said concern to be false and untrue, and were made by said trustees to the defendant with the intent to defraud him; that plaintiff, Cummer Manufacturing Company of Texas, had actual and construc-

tive notice of and knew of each and all the facts above set forth at the time of and prior to the alleged attempted transfer to and purchase by it of said notes, as a matter of fact and as a matter of law. Plaintiff, in a supplemental petition, denied the allegations of fraud and failure of consideration made by, defendant, Martin, and in addition thereto set up certain facts under which it claimed that defendant was estopped from complaining of the matters of fraud and failure of consideration alleged by him. The transfer of the notes from the Silo Association to plaintiff, Cummer Manufacturing Company, was made prior to the time the Negotiable Instruments Act of 1919 became effective.

In addition to the pleadings of plaintiff above set out, it lodged a special exception to the plea of failure of consideration made by defendant, Martin, which exception was sustained, and the court refused to permit Martin to introduce any evidence on his plea of failure of consideration, and when the evidence was all given the court instructed a verdict in favor of plaintiff, and, upon such verdict being returned by the jury, judgment was entered for plaintiff for the full amount sued for, which judgment was affirmed by the Court of Civil Appeals. 259 S. W. 240. It being held by the last-mentioned court that, if any error was committed in sustaining the exception to the plea of failure of consideration, such error was harmless. Plaintiff in error, H. G. Martin, in his application to this court, raises the issues that the trial court erred in sustaining the plaintiff's exception to his plea of failure of consideration, and in instructing a verdict in favor of plaintiff, because all the positive testimony in favor of plaintiff was given by an interested party, and that therefore his credibility should have been submitted to the jury.

[1-5] We think the trial court erred in sustaining the special exception to defendant's plea of failure of consideration. We must look at the case as' it was at the time the ruling on the exception was made. The ruling was made prior to the introduction of evidence. The defendant had, under oath, fully pleaded facts showing a failure of consideration; these facts were denied by plaintiff, but must be taken as true in determining the sufficiency of the pleadings. To us, it seems perfectly clear that under the provisions of article 589, Revised Civil Statutes, defendant was entitled to plead a failure of consideration, and, having pleaded the facts above set out, which we think are sufficient to raise the issue, the court should have heard evidence as to this issue of fact raised by the pleadings, for it could not be determined whether there was a failure of consideration until the facts were heard. De-

fendant in his answer does not allege facts that show that he is estopped from pleading a failure of consideration; but this estoppel is pleaded by plaintiff, based on facts alleged by it in its supplemental petition and the question of estoppel would therefore remain one of fact to be determined by the jury.

[6, 7] Rule 62a of the Rules for Courts of Civil Appeals cannot be invoked for the purpose of depriving a defendant of the right to plead and prove a defense, which he is given the right to plead by the plain provision of the statute. As there will necessarily be controverted issues of fact on another trial, we deem it unnecessary to discuss the action of the trial court in instructing a verdict in favor of plaintiff, further than to say we think the law on this issue is correctly stated in Mills v. Mills (Tex. Com. App.) 228 S. W. 919.

We recommend that the judgments of the district court and the Court of Civil Appeals be reversed, and the cause remanded to the district court.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.

We approve the holding of the Commission of Appeals on the questions discussed in its opinion.